UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| JEFFREY RIVARD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SUSAN SMALLHEER and )<br>BRATTLEBORO REFORMER, )<br>)<br>Defendants. ) | Case No. 2:23-cv-00166 |

**ENTRY ORDER**
**GRANTING APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, DISMISSING COMPLAINT, AND GRANTING LEAVE TO AMEND**
(Docs. 1, 1-3)

Plaintiff Jeffrey M. Rivard, representing himself, seeks to bring a defamation action against Susan Smallheer, a reporter, and the Brattleboro Reformer under 28 U.S.C. § 4101. (Doc. 1-3.) Because his financial affidavit satisfies the requirements of 28 U.S.C. § 1915(a),[1] Plaintiff's application for leave to proceed *in forma pauperis* ("IFP") is GRANTED. However, for the reasons set forth below, Plaintiff's Complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B).

**I.    Allegations of Plaintiff's Proposed Complaint.**

Plaintiff asserts that the court has federal question subject matter jurisdiction based on 28 U.S.C. § 4101 and "US 1." (Doc. 1-3 at 3.) His statement of claim is:

> Defendant published article about law found on the Internet [one] day after Oct[ober] 27[,] 2022 trial[.] Publishes fake conviction information and refuted police affidavit. Claims about release definable by VT law[.] Presented with correction and refuses to. May induce others argued for right to sell papers possibly a view of fraud[.]

---

[1] Although Plaintiff neglects to include the amounts of his monthly expenses as required, because he also states he has no income, the court construes his application liberally and finds that Plaintiff is unable to pay the $402 filing fee. *See* 28 U.S.C. § 1915(a)(1) (excusing from prepayment of filing fees any person who submits an affidavit "that the person is unable to pay such fees or give security therefor").

> Presented with correction and refuses to. May induce others argued for right to sell papers possibly a view of fraud[.]

(Doc. 1-3 at 4.)

As relief, he seeks "the article is corrected as factual" and "damages for embarrassment and infliction of emotional distress to me and my family[.]" *Id.* Plaintiff's Civil Case Cover Sheet states that he demands $10,000. *See* Doc. 1-4.

## II. Conclusions of Law and Analysis.

### A. 28 U.S.C. § 1915(e)(2)(B) Review.

Under 28 U.S.C. § 1915, "the court shall dismiss [a] case [filed IFP] at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B). Further, a district court must dismiss a case if it determines the court lacks jurisdiction over the matter. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Courts afford pleadings filed by self-represented parties "special solicitude." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (internal quotation marks omitted). The court is required to read a self-represented plaintiff's complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). All complaints, however, must contain grounds for the court's subject matter jurisdiction as well as "sufficient factual matter[] . . . to state a claim" for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

In determining whether a complaint states a claim, the court must "accept as true all of the allegations contained in a complaint" and decide whether the complaint states a plausible claim for relief. *Id.* at 678 (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(a) (listing required contents of a pleading that states a claim for relief). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Self-represented litigants must satisfy the plausibility standard set forth in *Iqbal*. *See Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 80-81 (2d Cir. 2020). "[T]he tenet that a

court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

      **B.**      **Whether Plaintiff's Complaint States a Claim.**

           **1.**      **Plaintiff's Complaint Does Not State a Claim for Defamation.**

Section 4101 does not provide a cause of action for defamation and pertains only to foreign defamation judgments. *See Thomas v. Brasher-Cunningham*, 2020 WL 4284564, at *10 (D. Conn. July 27, 2020) (recognizing § 4101 does not create a cause of action for defamation but instead defines defamation "in the context of a statute that allows for actions recognizing foreign defamation judgments"). Thus, § 4101 has no applicability to Plaintiff's case as there is no allegation of a foreign defamation judgment. That conclusion, however, does not end the court's inquiry. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017) (internal quotation marks and citations omitted) ("The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Rather, factual allegations alone are what matters. That principle carries particular force where a [self-represented] litigant is involved.").

Under Vermont law, the elements of a defamation claim are: (1) a false and defamatory statement; (2) negligence; (3) publication; (4) lack of privilege; (5) special damages, unless the statement is actionable per se; and (6) actual harm to warrant compensatory damages. *See Stone v. Town of Irasburg*, 2014 VT 43, ¶ 61, 196 Vt. 356, 380-81, 98 A.3d 769, 785. "A defamatory statement is one that tends to tarnish a plaintiff's reputation and 'expose [him] to public hatred, contempt or ridicule.'" *Hoyt v. Klar*, 2021 WL 841059, at *1 (Vt. Mar. 5, 2021) (quoting *Davis v. Am. Legion*, 2014 VT 134, ¶ 22, 198 Vt. 204, 213, 114 A.3d 99, 106). A three-year statute of limitations applies to a defamation claim in Vermont. *See* 12 V.S.A. § 512(3) (establishing that an action for slander and libel "shall be commenced within three years after the cause of action accrues, and not after").

In order to state a claim for defamation, Plaintiff must identify the particular statement or statements alleged to be false. General and conclusory statements will not suffice. *See Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 251

(2d Cir. 2017) ("Vagueness as to the complained-of conduct is particularly inappropriate when pleading a defamation claim" because "the complaint must afford defendant sufficient notice of the communications complained of to enable him to defend himself.") (internal quotation marks and brackets omitted). In the absence of allegations regarding the particular statement(s) alleged to be false, the Complaint fails to allege a claim for defamation under Vermont law.

### 2. Plaintiff's Complaint Does Not State a Claim for Either Intentional or Negligent Infliction of Emotional Distress.

Construing Plaintiff's Complaint liberally, as it must, the court considers whether Plaintiff has stated a claim for either intentional infliction of emotional distress ("IIED") or negligent infliction of emotional distress ("NIED"). Although he does not mention these claims in his statement of claim, Plaintiff seeks damages for "infliction of emotional distress to me and my family[.]" (Doc. 1-3 at 4.)

To state a claim for IIED under Vermont law, Plaintiff must allege conduct that (1) was "extreme and outrageous," (2) was "intentional or reckless," and (3) "cause[d] severe emotional distress." *Baptie v. Bruno*, 2013 VT 117, ¶ 24, 195 Vt. 308, 318, 88 A.3d 1212, 1219 (internal quotation marks omitted). "The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and be regarded as atrocious, and utterly intolerable in a civilized community." *Denton v. Chittenden Bank*, 655 A.2d 703, 706 (Vt. 1994) (internal quotation marks and alterations omitted). "[W]hether a jury could reasonably find that the conduct at issue meets this test[]" is a "threshold question" for "the court to determine[.]" *Dulude v. Fletcher Allen Health Care, Inc.*, 807 A.2d 390, 398 (Vt. 2002). Plaintiff's Complaint does not contain allegations meeting this exacting standard and thus fails to state a plausible claim for IIED. See *Hovey v. Vermont*, 2017 WL 2167123, at *10 (D. Vt. May 16, 2017) (noting the "allegations in this case, taken as true, fall short of establishing outrageous conduct" and dismissing at the pleading stage).

> In Vermont, to recover for NIED:
>
> a plaintiff who has not suffered a physical impact must show that the plaintiff (1) . . . was within the 'zone of danger' of an act negligently directed at [plaintiff] by defendant, (2) . . . was subjected to a reasonable fear of immediate personal injury, and (3) . . . in fact suffered substantial bodily injury or illness as a result.

*Vincent v. DeVries*, 2013 VT 34, ¶ 12 n.2, 193 Vt. 574, 72 A.3d 886 (internal quotation marks omitted; alterations in original). Plaintiff's Complaint does not contain allegations of a physical impact or Plaintiff's presence in the zone of danger. Nor does it allege any of the remaining elements of a NIED claim. For example, he does not allege he experienced fear of immediate personal injury or that he in fact suffered substantial bodily injury as a result of the actions of any defendant. In short, Plaintiff's Complaint lacks sufficient factual allegations to state a plausible claim for NIED. *See Drapeau v. SEI Investments Distrib. Co.*, 2019 WL 2287989, at *9-10 (D. Vt. Apr. 23, 2019) (dismissing NIED claim under Vermont law at the pleading stage).

### C.   Whether the Court has Subject Matter Jurisdiction.

Even if Plaintiff's Complaint stated a claim on which relief could be granted, federal courts "have an independent obligation to consider the presence or absence of subject matter jurisdiction[.]" *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[S]ubject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). "[T]he party asserting federal jurisdiction bears the burden of establishing jurisdiction" exists. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006). Generally, "federal courts have subject matter jurisdiction either on the basis of substance, where there is a federal question, or on the basis of citizenship, where the requirements for diversity jurisdiction are satisfied." *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 337 n.3 (2d Cir. 2006).

Here, Plaintiff contends the court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. "A plaintiff properly invokes § 1331 [federal question] jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Plaintiff's Complaint,

5

however, does not state a claim under federal law. As a result, § 1331 does not provide a basis for the court to exercise subject matter jurisdiction.

To raise a claim under diversity jurisdiction, 28 U.S.C. § 1332 requires that the amount in controversy in the case exceeds $75,000, exclusive of interest and costs, and that the matter is "between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). In other words, the plaintiff must be from a different state than every defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014) (explaining complete diversity requires that "all plaintiffs . . . be citizens of states diverse from those of all defendants"). Although Plaintiff's Complaint is silent as to the amount of damages he seeks, his case cover sheet demands $10,000, which is well under the statutory requirement. In addition, because all parties are alleged to be Vermont residents, the parties are not diverse as is required for diversity jurisdiction.

For the reasons stated above, Plaintiff's proposed Complaint must be dismissed for "fail[ure] to state a claim on which relief may be granted[,]" 28 U.S.C. § 1915(e)(2)(B)(ii), as well as for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

### D.    Leave to Amend.

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint without granting leave to amend at least once, unless amendment would be futile." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (internal quotation marks omitted). "Amendment is futile where the problems with the complaint's claims are substantive and not the result of inartful pleading." *Biswas v. Rouen*, 808 F. App'x 53, 53 (2d Cir. 2020) (internal quotation marks and alterations omitted).

In this case, it appears amendment of certain claims—such as any assertion of a defamation claim under 28 U.S.C. § 4101—would be futile. The court, however, will grant Plaintiff leave to amend to seek to assert a plausible claim. *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) ("[A] *pro se* complaint must state a plausible claim for

relief."). Plaintiff must also set forth a legal and factual basis for this court's subject matter jurisdiction.

Plaintiff is advised that a proposed Amended Complaint, if filed, will supersede and completely replace the original Complaint. *See Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) (noting "it is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect") (brackets and internal quotation marks omitted). An Amended Complaint must include Plaintiff's factual allegations in their entirety and must set forth the claims he alleges against each defendant and all the relief he seeks. It must comply with the Federal Rules of Civil Procedure, including setting forth a short and plain statement of the grounds for the court's subject matter jurisdiction as well as a short and plain statement of each claim as required by Rule 8, in consecutively numbered paragraphs as required by Rule 10, and Plaintiff's original signature as required by Rule 11.

For further reference, Plaintiff may consult a sample Complaint as well as the court's Representing Yourself as a *Pro Se* Litigant Guide, available on the court's website at www.vtd.uscourts.gov/filing-without-attorney-1 or contact the District of Vermont Clerk's Office for a self-represented party's informational pamphlet.

## CONCLUSION

For the reasons stated above, and having conducted the review required under 28 U.S.C. § 1915(a)(1), Plaintiff's application to proceed *in forma pauperis* (Doc. 1) is GRANTED; however, the Complaint (Doc. 1-3) is DISMISSED. Plaintiff may file an Amended Complaint on or before August 17, 2023. Failure to file shall result in dismissal of the case.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 18th day of July, 2023.

Christina Reiss, District Judge
United States District Court

7