UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| JEFFREY RIVARD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SUSAN SMALLHEER and )<br>BRATTLEBORO REFORMER, )<br>)<br>Defendants. ) | Case No. 2:23-cv-00166 |

**ENTRY ORDER
DISMISSING AMENDED COMPLAINT,
DENYING ENTRY OF DEFAULT, AND DISMISSING CASE**
(Docs. 4, 5)

On July 18, 2023, self-represented Plaintiff Jeffrey M. Rivard was granted *in forma pauperis* status, however, his Complaint seeking to allege a defamation claim under 28 U.S.C. § 4101 against Defendants Susan Smallheer, a reporter, and the Brattleboro Reformer was dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) as well as failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Plaintiff was allowed leave to amend his Complaint to allege, among other things, the basis for court's subject matter jurisdiction. On July 21, 2023, Plaintiff timely filed an Amended Complaint. (Doc. 4.) On September 6, 2023, Plaintiff filed an Application for Clerk's Entry of Default. (Doc. 5.)

**I.    Allegations of Plaintiff's Amended Complaint.**

Plaintiff's Amended Complaint is a seven-page typewritten document lacking separate paragraphs. Plaintiff states "I was not aware of this diversity rule at the time of filing." (Doc. 4 at 3.)[1] The Civil Case Cover Sheet cites federal question jurisdiction and

---

[1] Rivard is a frequent litigant in this court, having filed three prior cases, and is therefore more familiar with filing requirements than the typical self-represented plaintiff. *See Rivard v. Comm'r of Soc. Sec.*, No. 2:21-cv-184 (D. Vt. May 9, 2023); *Rivard v. Soc. Sec. Admin.*, No. 2:21-cv-224 (D. Vt. Apr. 10, 2023); *Rivard v. Vermont*, No. 2:22-cv-134 (D. Vt. Sept. 26, 2022).

declares Defendant Smallheer is a citizen of Vermont and the Brattleboro Reformer is incorporated or has its principal place of business in Vermont. *See* Doc. 1-4. The Amended Complaint alleges that Defendant Smallheer works for the Portland Press Herald of Maine. Plaintiff further states: "In terms of Diversity, the owner of the newspaper has a Belarusian citizenship[,]" (Doc. 4 at 6) and "Vermont News Media, parent company of Brattleboro Reformer is a dual citizen US-Belarus[.]" *Id.* at 1. He asserts "I believe litigation may present amounts which exceed $10,000.00[.]" *Id.* at 4. He contends the "Brattleboro Reformer is liable to me for the defamation[.] . . . I said why are these things which are not true published, here is evidence to that effect please correct your libelous article[.] . . . [T]hat equals $75,000.01 to me." *Id.* at 7.

With regard to defamation, Plaintiff alleges:

> That an article published by a Vermont newspaper does not contain the truth, that the reporter and publisher have been contacted for correction and refuse, that information was given by a public official Dana John Nevins of the Windham County Department of Sheriffs and State Attorneys, that the publication created fear in leaving my home an[d] still does and required medication for high blood pressure treatment . . . , that the owner of the Vermont News Media, parent company of Brattleboro Reformer is a dual citizen US-Belarus, and though federal law is controlling towards what defines libel defamation, a Lancour v[.] Herald Globe Ass[']n has established in the State of Vermont that police affidavits which are unfounded, refuted, or what synonym have you determined that publication of such material was libelous, as I have submitted to the [c]ourt, this article was published the next day from the trial, the reporter did not vet the material and the publisher approved it. Fact, it is not the truth that the 1st paragraph of the article as stated can identify a law which allows for charge, pleading, or conviction of 13 V[.]S[.]A[.] [§] 1047. My daughter has signed a statement indicating the portion of the article which states "A child tried to intervene and stop an assault" is not a true affiance [sic] of former Brattleboro Officer Craig Winkler[.]

(Doc. 4 at 1-2.)

Plaintiff contends that the "newspaper [cannot] utilize the truth as a defense [to] defamation claims [because] [t]he newspaper can't deny being informed of the statutes of Vermont regarding 13 V[.]S[.]A[.] [§]1047 or that Officer Craig Winkler's affiance is false that part where he provides a narrative[.]" *Id.* at 4-5. He asserts that § 1047 "is

written for the Court[']s consideration" and that sentencing "has not occurred here [nine] months later from October 28[,] 2022[,] the date of . . . my jury conviction[.]" *Id.* at 5. He continues: "I am no lawyer but my guess is that statute can't be considered if it wasn't addressed during the trial and was imputed false." *Id.* at 5. He concludes: "I used the definition of defamation and have not found any US Code other than what I claimed." *Id.* at 6.

With regard to intentional or negligent infliction of emotional distress, Plaintiff alleges that, "[a]lthough[] the medication for high blood pressure has relieved my condition, [two] local providers communicated concern I could go into a stroke at any time after complaining of symptoms being present for [three] weeks at that point, just under [one] month ago." (Doc. 4 at 4.) He further asserts "I [cannot] put a price on the injury but if you're saying there has been no infliction of emotional distress, this [c]ourt is surely mistaken[.] . . . [T]he blood pressure treatment could be an act of God, or could be that it coincides with a claim of libel defamation[.]" *Id.* at 6.

## II.     October 28, 2022 Brattleboro Reformer Article.

Plaintiff's defamation claim is based on statements included in a Brattleboro Reformer article published on October 28, 2022, which he identifies and relies on in his Amended Complaint. As a result, although Plaintiff has not attached the article to either his Complaint or Amended Complaint, the court considers it because it is integral to both. *See DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010) ("[A] district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. Where a document is not incorporated by reference, the court may never[the]less consider it where the complaint relies heavily on its terms and effect, thereby rendering the document integral to the complaint.") (citations and internal quotation marks omitted).

The article, titled "Brattleboro man convicted of domestic assault[,]" states in full:

> A Brattleboro man was convicted of domestic assault Thursday after a jury deliberated only 25 minutes.
>
> Jeffrey M. Rivard, 39, was convicted of domestic assault in the presence of a child after a one-day trial.

3

>Rivard was released pending sentencing by Windham Superior Court Judge Katherine Hayes.
>
>Windham County Deputy State's Attorney Dana Nevins said the jury deliberated 25 minutes on Thursday before returning a guilty verdict.
>
>According to an affidavit filed by Brattleboro Police, Rivard was arrested on Nov. 21, 2019, at the Black Mountain Inn after he allegedly assaulted a woman that he knew. A child tried to intervene and stop the assault, police said.
>
>The woman, who locked herself in the bathroom of her motel room, told police she was afraid Rivard might kill her unintentionally, and she was also afraid for the safety of the child.
>
>Rivard has filed a complaint in U.S. District Court alleging a violation of his civil rights in connection with the case.

Susan Smallheer, *Brattleboro Man Accused of Domestic Assault*, Brattleboro Reformer, Oct. 28, 2022, available at https://www.reformer.com/local-news/brattleboro-man-convicted-of-domestic-assault/article_6b127722-56cb-11ed-b60a-0f66d74e4acc.html (last viewed Aug. 17, 2023).

### III. The Court's July 18, 2023 Entry Order.

The court's July 18, 2023 Entry Order determined it lacked subject matter jurisdiction over Plaintiff's case. The Entry Order explained the requirements for both federal question and diversity subject matter jurisdiction under 28 U.S.C. §§ 1331-32. Because Plaintiff did not allege a federal claim and because all parties were alleged to be Vermont residents, the Complaint did not satisfy the non-waivable requirement of subject matter jurisdiction.

As a result, Plaintiff's Complaint was dismissed pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction and under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Plaintiff was granted leave to amend and was directed to set forth a legal and factual basis for this court's subject matter jurisdiction as well as a short and plain statement of each claim in consecutively numbered paragraphs.

### IV. Conclusions of Law and Analysis.

#### A. 28 U.S.C. § 1915(e)(2)(B) Review.

Under 28 U.S.C. § 1915, "the court shall dismiss [a] case [filed IFP] at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B). A district court must dismiss a case if it determines the court lacks subject matter jurisdiction over the matter. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Courts afford pleadings filed by self-represented parties "special solicitude." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (internal quotation marks omitted). The court is required to read a self-represented plaintiff's complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). All complaints, however, must contain grounds for the court's subject matter jurisdiction as well as "sufficient factual matter[] . . . to state a claim" for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

#### B. Whether the Court has Subject Matter Jurisdiction.

Federal courts "have an independent obligation to consider the presence or absence of subject matter jurisdiction[.]" *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[S]ubject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). The party "asserting [federal] subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016). Generally, "federal courts have subject matter jurisdiction either on the basis of substance, where there is a federal question, or on the basis of citizenship, where the requirements for diversity jurisdiction are satisfied." *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 337 n.3 (2d Cir. 2006); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction").

Because Plaintiff's Amended Complaint does not state a claim under federal law, the court does not have federal question subject matter jurisdiction under 28 U.S.C. § 1331. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Plaintiff's Amended Complaint therefore must contain plausible allegations supporting the court's exercise of diversity subject matter jurisdiction. 28 U.S.C. § 1332 requires that the amount in controversy in the case exceeds $75,000, exclusive of interest and costs, and that the matter is "between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1); *see also Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014) (explaining complete diversity requires that "all plaintiffs . . . be citizens of states diverse from those of all defendants"). The Amended Complaint seeks damages in excess of the statutory requirement. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) ("When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith."). However, Plaintiff fails to plausibly allege diversity of citizenship.

"An individual's citizenship, within the meaning of the diversity statute, is determined by his [or her] domicile." *100 Great Meadow Rd. Assocs., LLC v. Cincinnati Ins. Co.*, 2020 WL 12188902, at *6 (D. Conn. Dec. 23, 2020) (internal quotation marks omitted). Domicile is the "place where a person has his [or her] true fixed home and principal establishment, and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). "[T]he citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016).

The Amended Complaint alleges that "the owner of the Vermont News Media, parent company of Brattleboro Reformer is a dual citizen US-Belarus" (Doc. 4 at 1) and that "the owner of the newspaper has a Belarusian citizenship aka Paul Belogour[.]" *Id.* at 6. Plaintiff alleges that Defendant Smallheer works for the Portland Press Herald in

6

Maine. Plaintiff, however, has not alleged Defendant Smallheer's domicile is a state other than Vermont. He appears to concede that Vermont News Media's members are domiciled in Vermont.[2] Because the Amended Complaint lacks allegations establishing a complete diversity of citizenship between Plaintiff and the Defendants, the court does not have subject matter jurisdiction under 28 U.S.C. § 1332. *See Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) ("It is firmly established that diversity of citizenship 'should be distinctly and positively averred in the pleadings[.]'") (quoting *Wolfe v. Hartford Life & Annuity Ins. Co.*, 148 U.S. 389, 389 (1893)).

### C.     Leave to Amend.

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint without granting leave to amend at least once, unless amendment would be futile." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (internal quotation marks omitted). In this case, the court granted leave to amend. Plaintiff has not requested a further opportunity to amend his pleading. The court declines to grant a second leave to amend *sua sponte*. *See Horoshko v. Citibank, N.A.*, 373 F.3d 248, 250 (2d Cir. 2004) (noting a district court does not "abuse[] its discretion in not permitting an amendment that was never requested").

### D.     Application for Entry of Default.

Plaintiff has requested the Clerk enter a default against Defendants due to their failure to respond to his Amended Complaint. Under Fed. R. Civ. P. 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

---

[2] "Vermont News and Media LLC" is listed by the Vermont Secretary of State as a Vermont limited liability company with "Brattleboro Reformer" listed as an assumed business name. Pavel Belogour is identified as principal of the member-managed LLC with a Vermont address. A court may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b); *see also St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (explaining it is "well established that when the question is subject matter jurisdiction, the court is permitted to rely on information beyond the face of the complaint."). Here, the court takes judicial notice of the records of the Vermont Secretary of State. *See* Fed. R. Evid. 201(b).

defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). In this case, Plaintiff failed to include proof of service of the Amended Complaint. The Clerk's Office thus terminated his motion for entry of a default as "not qualified" under Fed. R. Civ. P. 55(a). Plaintiff's Application for Entry of Default (Doc. 5) is therefore DENIED.

## CONCLUSION

For the reasons stated above, and having conducted the review required under 28 U.S.C. § 1915(a)(1), the Amended Complaint (Doc. 4) is hereby DISMISSED. Plaintiff's Application for Entry of Default (Doc. 5) is DENIED. Because Plaintiff's Amended Complaint has been dismissed, this case is DISMISSED. The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 19th day of September, 2023.

Christina Reiss, District Judge
United States District Court